# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JENNIFER KIMBLER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16CV00047 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KEVIN SPEAR, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Plaintiff; Cameron S. Bell, Penn Stuart & Eskridge, Abingdon, Virginia, and Ronald W. Cox, Jr., McCarthy Wilson LLP, Rockville, Maryland, for Defendants.*

In this diversity action for damages, the plaintiff, Jennifer Kimbler, asserts a claim for defamation per se against defendant Hannleb Physics, Inc. ("Hannleb") and its employee, defendant Kevin Spear. The defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. In response, Kimbler opposes the Motion for Summary Judgment and alternatively seeks leave to conduct discovery before determination of the motion. *See* Fed. R. Civ. P. 56(d)(2). For the reasons that follow, I will partially grant Kimbler's request for discovery and defer decision on the defendants' Motion for Summary Judgment.

I.

The undisputed facts, taken from the Complaint and summary judgment record, are as follows.

Plaintiff Jennifer Kimbler is a dosimetrist who, at the time of the events giving rise to this action, was employed by Mountain States Health Alliance ("MSHA") at its Johnston Memorial Hospital in Abingdon, Virginia. A dosimetrist is a member of a radiation oncology team. In her role, Kimbler worked as part of a team with a physicist from Hannleb, Michelle Schwer, and an oncologist, Dr. Tisdale.[1]

This action centers on an external audit conducted by defendant Kevin Spear in his capacity as an agent of defendant Hannleb. Hannleb is a medical physics and dosimetry company that provides certain services, including review services, to MSHA. The audit was conducted pursuant to a written Service Agreement between Hannleb and MSHA.[2] In conducting the audit, Spear reviewed the charts of patients, including patients treated by Kimbler.

In April 2016, Kimbler received a "Written Counselling/Correction Action Notice" from MSHA that referenced the audit. Kimbler subsequently resigned

---

[1] Neither party has provided Dr. Tisdale's first name.

[2] Hannleb and MSHA also executed a Business Associate Addendum, which permitted MSHA to disclose protected health information to Hannleb in order for Hannleb to perform the services contemplated by the Service Agreement.

from her position with MSHA. Following Kimbler's resignation, Hannleb was asked to provide temporary dosimetry services for Johnston Memorial Hospital until a permanent replacement could be hired.

In December 2016, Kimbler filed this lawsuit against Spear and Hannleb. Specifically, Kimbler alleges that the external audit conducted by Spear on behalf of Hannleb "contains false and defamatory statements about [her] professional ability." Compl. ¶ 11, ECF No. 1. She claims that the audit "falsely suggests that [she] purposefully mistreated patients," that its purpose was to "state or imply that [she] was guilty of unethical and unprofessional conduct and that her employment should be terminated," that the defendants published the audit "with actual knowledge that it was false or with reckless disregard of whether it was false or not," and that the audit was "willfully designed to discredit [her] in her profession." *Id.* at ¶¶ 12, 16-17.

The Motion for Summary Judgment has been briefed and orally argued. The defendants rely on three grounds: that they are entitled to statutory immunity under Virginia law; that they enjoy a qualified privilege in making the audit report; and that the audit "is not defamatory because it does not contain actionable statements." Defs.' Mem. Supp. Summ. J. 5, ECF No. 8. Kimbler argues in response that the statements contained in the audit are actionable and that the immunity and privilege claimed by the defendants "do not defeat claims based on

bad faith and malicious intent," which she asserts have been sufficiently alleged. Pl.'s Mem. Opp'n Summ. J. 6, ECF No. 16. She also contends that summary judgment is premature and requests that the court, prior to deciding whether to grant summary judgment, permit her to conduct discovery of certain facts regarding "the Defendants' contract with MSHA," the circumstances that resulted in the audit, the "substance of the audit," and an alleged conflict between her team members, Dr. Tisdale and Michelle Schwer, which she "believe[s] was the cause of the Defendants' attacks on [her] reputation." Kimbler Decl. ¶ 3, ECF No. 16-1.

II.

Federal Rule of Civil Procedure 56(a) requires a court to grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the opposing party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Although the party seeking summary judgment bears "the burden of showing the absence of a genuine issue as to any material fact," *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970), the party opposing

summary judgment must nevertheless "properly address [the movant]'s assertion of fact" in order to proceed to trial. Fed. R. Civ. P. 56(e).

Because the non-moving party must address the movant's assertions as to material facts, "[i]n general, summary judgment should only be granted 'after adequate time for discovery.'" *McCray v. Md. Dep't of Transp.,* 741 F.3d 480, 483 (4th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, where a nonmovant shows that she lacks "facts essential to justify [her] opposition" to summary judgment, the court may defer judgment on the motion and "allow time to . . . take discovery." Fed. R. Civ. P. 56(d)(2). "A Rule 56(d) motion must be granted 'where the nonmoving party has not had the opportunity to discover information that is essential to [her] opposition.'" *McCray*, 741 F.3d at 483-84 (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.2d 214, 244 (4th Cir. 2002)); *see also Anderson*, 477 U.S. at 250 n.5. "[S]uch motions are 'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." *Id.* at 484 (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)).

### III.

The plaintiff also raises the procedural issue of whether it is proper to file a motion for summary judgment prior to filing an answer or a Rule 12 motion. The

record shows that while service was duly executed on the defendants — Proof of Service on Spear, ECF No. 19 and Proof of Service on Hannleb, ECF No. 20 — neither have filed an answer to the Complaint nor filed a motion under Rule 12.

While Rule 56(b) says that a motion for summary judgment may be filed at any time, the real issue is whether a defendant may be in default if he files only such a motion. The Rules provide that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). If a defendant timely files a motion under Rule 12, this deadline is tolled pending the court's disposition of the motion. Fed. R. Civ. P. 12(a)(4). The question of whether service of a motion for summary judgment under Rule 56 similarly tolls this deadline has not often been addressed, but the plain language of Rule 12(a)(4) indicates that it does not. See Fed. R. Civ. P. 12(a)(4) (specifically noting that the deadline is tolled by the "serving of a motion under *this* rule" (emphasis added)). *See Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) (holding that "[w]hile serving a Rule 12 motion tolls [this] deadline . . . filing a Rule 56 motion has no such effect"); *Fowler v. Fischer*, No. 13-CV-6546-FPG, 2016 U.S. Dist. LEXIS 16278, at *4 n.2 (W.D.N.Y. Feb. 10, 2016) (noting that "[a]lthough Defendants appear to believe that a motion for summary judgment filed in lieu of an answer stays the deadline for filing a responsive pleading under Rule 12(a), . . . it is far from clear that it does so"); *Ricke v. Armco, Inc.*, 158

F.R.D. 149, 149-150 (D. Minn. 1994) (finding that where the defendant's "motion to dismiss" was not expressly made under Rule 12 and was substantively a motion for summary judgment, the deadline for filing an answer was not suspended). *But see Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993) (suggesting that "by analogy the language [of Rule 12(a)(4)] would seem to apply" to allow a motion for summary judgment to toll the deadline, particularly given the fact that a Rule 12(b)(6) motion can be transformed to a motion for summary judgment); 10A Charles Allen Wright, et al., *Federal Practice and Procedure* § 2718 (4th ed. 2017) (noting that there is "no compelling reason for treating a motion originally made under Rule 56 differently from one [made under Rule 12] that has been transformed into a summary-judgment motion" and concluding that "a summary-judgment motion made prior to an answer should have the benefit of the Rule 12(a) language tolling the period of time in which an answer must be filed").

While it is unclear whether a Rule 56 motion operates to toll the defendants' response deadline, I need not decide the question, but I will require the defendants to now file an answer.

IV.

As to the Rule 56(d)(2) request, I find that the plaintiff has been forced to oppose the defendants' Motion for Summary Judgment with limited information. She lacks not only discovery but also — due to the defendants' failure to file an

answer — factual information regarding the defendants' position.³ In order to succeed on a Rule 56(d) motion, "[n]on-movants must generally file an affidavit or declaration . . . or . . . put the district court on notice as to which specific facts are yet to be discovered." *McCray*, 741 F.3d at 484. Kimbler has done so. See Kimbler Decl. ¶ 3, ECF No. 16-1. Moreover, as the defendants concede, see Defs.' Reply Mem. Opp'n Summ. J. 6, ECF No. 17, Kimbler seeks discovery of evidence that is within the control of others. "[S]ufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party." *Harrods Ltd.*, 302 F.3d at 246-47 (quoting 10B Charles Allen Wright, et al., *Federal Practice and Procedure* § 2741 (3d ed. 1998)). In addition, Kimbler seeks to demonstrate that the defendants acted maliciously in order to overcome the immunity and qualified privilege defenses, and "summary judgment prior to discovery can be particularly inappropriate when a case involves complex factual questions about intent and motive." *Id.* at 247.

Under the circumstances, I believe it is appropriate to grant the plaintiff limited discovery before ruling on the defendants' Motion for Summary Judgment. I am required to consider limitations on discovery proportional to the needs of the case, including the importance of discovery in resolving the issues and whether its burden and expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). In light

---

³ There is no indication in the record that the parties have provided initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

of the limited issues concerning immunity and qualified privilege presented by the Motion for Summary Judgment and the limited benefit of discovery in resolving those issues, I will permit discovery but limit the plaintiff to (1) conduct a deposition by oral examination of defendant Spear solely as to matters relevant to the defenses of immunity and qualified privilege and (2) require the defendants prior to the deposition to provide to the plaintiff a full copy of the Service Agreement and Business Associate Addendum between Hannleb and MSHA, before ruling on the Motion for Summary Judgment.

V.

The plaintiff's request for discovery under Rule 56(d)(2) is GRANTED only to the limited extent described above. The discovery permitted must be completed within 30 days of this date. The plaintiff may file a supplemental response to the Motion for Summary Judgment within 14 days after completion of the permitted discovery and the defendants may file a reply within 7 days thereafter. Decision on the Motion for Summary Judgment (ECF No. 7) is DEFERRED pending the foregoing. The defendants are directed to file an answer to the Complaint prior to the deposition of defendant Spears, and in no event later than 14 days from this date.

It is so **ORDERED**.

ENTER: April 11, 2017

/s/ James P. Jones
United States District Judge